IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

       vs.          *   CRIMINAL NO. MJG-11-0570
                    (Civil Action No. MJG-13-2296)

DONTA VAUGHN          *

\*     \*     \*     \*     \*     \*     \*     \*     \*

<u>MEMORANDUM AND ORDER RE: § 2255 MOTION</u>

The Court has before it Petitioner's Motion for Relief
(Pursuant to 28 USC (<u>sic</u>) 2255) [ECF No. 79] and the materials
filed relating thereto.  The Court finds no hearing necessary.


I.  <u>INTRODUCTION</u>

On June 20, 2012, Petitioner was convicted on a plea of
guilty to charges of escape from custody in violation of 18
U.S.C. § 751(a) and assaulting and impeding federal officers
while they were engaged in their official duties in violation of
18 U.S.C. § 111.  On October 15, 2012, the Court imposed the
sentence of 60 months on each Count, to be served concurrently.
Judgment, ECF No. 24.

By the instant Motion, Petitioner seeks to have his
sentence vacated and a lesser sentence imposed.  However, as
described below, Petitioner, while filing a timely initial §
2255 motion, proceeded to so delay the instant proceedings, that
the motion was not fully briefed until he filed his reply [ECF

No. 117] on March 21, 2016.  Thus, the briefing on the instant motion was completed some 18 days prior to Petitioner's having served the entire sentence at issue.

On April 8, 2016, the day he completed the sentence at issue, Petitioner filed a document entitled "Notice of Release" stating that the instant motion is not moot because he will be subject to the supervised release portion of the sentence. However, Petitioner was not placed on supervised release when he completed service of this Court's five-year sentence.  Rather, he was taken into state custody.

The Court understands that, on March 21, 2014, Petitioner was sentenced to life imprisonment for False Imprisonment and False Imprisonment Conspiracy (Baltimore City Circuit Court 112306020) and also received a concurrent five-year sentence for Verbal Extortion/Threat Injury and Conspiracy Verbal Extortion/Threat Injury on the same date (Baltimore City Circuit Court 112306021).

II.  BACKGROUND

In 2010, Petitioner was convicted of mailing a threatening communication in violation of 18 U.S.C. § 876(b) and was sentenced by presiding Judge Bennett to 18 months in prison. United States v. Vaughn, RDB-10-0404 (D. Md.).

In, or about, July 2011, Petitioner's custody was transferred to the Volunteers of America half-way house in Baltimore.  On, or about, September 5, 2011, Petitioner left the half-way house without permission and, thereby, committed the offense of escape in violation of 18 U.S.C. § 751(a). Thereafter, a warrant for Petitioner's arrest was issued.

On October 4, 2011, Petitioner was spotted by a Deputy United States Marshal entering a car in which there was a female passenger and driving away.  There ensued a car chase in which Petitioner placed the officers and general public in severe risk of injury.  Moreover, at one point when he was stopped, Petitioner drove his car toward the Deputy to effect his escape. However, eventually, the Deputy, together with other officers, managed to arrest Petitioner.  Petitioner admitted in his plea proceeding that he utilized the automobile he was driving to assault the Deputy intending to impede his being arrested in violation of 18 U.S.C. § 111.[1]

---

[1]
      MR. TUMINELLI:  Well, again, Your Honor, we're not trying -- Mr. Vaughn is not trying to make a record that he didn't commit assault.  He concedes he committed assault.
      And Mr. Warwick is correct, the statute doesn't just talk about assault, it talks about resisting and all of that. So <u>there's no question that he concedes he committed Section 111</u>.

. . . .

3

At sentencing, the Court determined Petitioner's Offense
Level to be 18, which, with Criminal History Category V, called
for a Guideline sentencing range of 51 to 63 months.  The Court,
noting that Petitioner's actions were utterly reckless,
endangering law enforcement personnel and the public, stated
that a sentence above the Guideline range would be warranted.
However, the court sentenced Petitioner to 60 months, within the
determined Guideline range.

III.  DISCUSSION

    A.  Mootness

As discussed above, Petitioner has now served the five-year
sentence that he seeks to have reduced by the instant motion.
Hence, as to the five-year sentence of incarceration that he has
now served, the motion is moot.

Petitioner states that the instant motion is not moot
because he has not yet served the three-year supervised release

---

          MR. WARWICK:  Exactly.  I mean, during that
chase, there were occasions where Mr. Vaughn
veered his car in the direction of Deputy
Lutz's car, causing him to take evasive
action.  That's an assault.

          MR. TUMINELLI:  And we won't dispute that.

Plea Tr. 34:10-16, 35:11-15, June 20, 2012, ECF No. 55 (emphasis
added).

imposed on him.  Thus, at such time, if ever, that he may be released from state custody in regard to his current life sentence, he would then be subject to a term of federal supervised release.  Therefore, as to the supervised release condition, the instant motion is not moot.

### B.   Supervised Release

As noted above, the motion is not moot as to the term of supervised release imposed.  Because Petitioner may be released from state custody during his lifetime, it is possible that he could be placed on supervised release pursuant to the sentence imposed in the instant case.

Nevertheless, Petitioner has presented no contention, much less any plausible contention, that could result in any change in the supervised release term imposed.

### C.   Sentence of Incarceration

As discussed above, the instant motion is moot with regard to the sentence of five years of incarceration.  Nevertheless, the Court finds it appropriate to state that if the motion were not moot, it would be denied on the merits.

1.   <u>Ineffective Assistance of Counsel</u>

Petitioner asserts that he was denied the effective assistance of counsel due to counsel's alleged failure to:

- Adequately present contentions that would have resulted in a lower Offense Level determination.

- Adequately present mitigating circumstances regarding conditions at the half-way house from which he escaped.

- Adequately present mitigating circumstances regarding Petitioner's mental health problems.

- Prepare and present a pre-sentence memorandum.

- Correct an error in the Pre-Sentence Investigation Report.

- Advise Petitioner of his direct appeal rights.

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[2] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]."  <u>Id.</u> at 694.

---

[2]   Thus overcoming a presumption that counsel's conduct (<u>i.e.</u>, representation of the criminal defendant) was reasonable.  <u>See Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984).

Petitioner's ineffective assistance of counsel grounds shall each be addressed in turn.

### a.   The Offense Level Determination

Petitioner asserts that his attorney failed adequately to represent him in regard to the determination of his Guideline Offense Level for Count 2.  Specifically, he refers to the determination that the Count 2 charge of violating 18 U.S.C. § 111 had, pursuant to U.S.S.G. § 2A2.2(a), a base offense level of 14 and the addition of four levels pursuant to U.S.S.G. § 2A2.2(b)(2)(B) because a dangerous weapon was used.  As discussed herein, there is no reasonable probability that counsel could have made a contention resulting in an Offense Level lower than found by the Court.

Petitioner presents a "double counting" contention that is not applicable to the instant case and, if it were, would not be meritorious under Fourth Circuit precedent.

U.S.S.G. § 2A2.2, entitled "Aggravated Assault" refers to a "felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury . . . or (D) an intent to commit another felony."  Id., comment (n.1)(emphasis added).

Petitioner contends that U.S.S.G. § 2A2.2(a) was applied by virtue of his assault having involved a "dangerous weapon [a

7

car] with intent to cause bodily injury."  Thus, he argues that

the brandishment or use of the dangerous weapon to cause a four

Offense Level increase would constitute double counting. The

Second Circuit has held that this would be improper. United

States v. Hudson, 972 F.2d 504, 507 (2d Cir. 1992).  However,

the United States Court of Appeals for the Fourth Circuit

disagrees with the Second Circuit and must be followed.  United

States v. Williams, 954 F.2d 204, 206 (4th Cir. 1992).  Thus,

even if there were double counting as alleged, in the instant

context, double counting would not be improper.

However, the determination that there was an "aggravated

assault" in the instant case, did not require a finding that he

committed an assault involving a dangerous weapon with intent to

cause bodily injury.  Rather, characterization of the charged

offense as an "aggravated assault" for Guideline purposes would

be appropriate in the instant case because the assault "involved

. . . an intent to commit another felony," for example, 18

U.S.C. § 751.

Finally, even if the Court were to have eschewed U.S.S.G. §

2A2.2 and applied § 2A2.4 (Obstructing or Impeding Officers),

there would have been no reduction of the sentence imposed.  The

base offense level would have been 10, increased by 3 levels

pursuant to § 2A2.4(b)(1) and 2 additional levels pursuant to §

3C1.2 (Reckless Endangerment During Flight), a total of 15.
While that would result in a range of 37-46 months, it is at
least more likely than not that the Court would have varied
above the Guideline range to 60 months because of the nature of
Petitioner's offense.  That is, the initial driving toward the
Deputy to force him to give way, and the repeated swerving
toward the officer's cars during the course of the car chase
intended to cause fear of a collision and to facilitate an
escape, as well as the risk to the passenger and to others.  The
Court finds that even if Petitioner had succeeded in reducing
the Guideline Offense Level as contended, there is no reasonable
probability that the sentence imposed would have been less than
60 months.

      b.   <u>Mitigation – Conditions at the Half-Way
House</u>

Petitioner faults counsel for not asserting as mitigation,
alleged circumstances that created dangers to his well-being.
Assuming, without by any means finding, that there would have
been a factual basis for counsel to make such an assertion,
there is no reasonable probability that Petitioner would have
received any lesser total sentence.

### c.   Mitigation –Mental Health Issues

Petitioner faults counsel for not asserting as mitigation, Petitioner's mental health problems.

Counsel did not ignore Petitioner's mental health issues, referring to them in the sentencing proceeding.  While Petitioner contends that counsel should have done more than he did, Petitioner does not state what could have been presented that would have created a reasonable probability that there would have been a lesser sentence.

It is, and was, obvious at sentencing that Petitioner had mental health issues and a significant lack of behavioral judgment.  Nevertheless the Court, as stated at sentencing, found it necessary to impose a five-year sentence to deter others – as well as Petitioner – from taking reckless and dangerous action to flee from arrest.


### d.   Absence of Presentence Memorandum

Petitioner faults counsel for not filing a presentence memorandum.  It is true that counsel did not file one.  However, Petitioner does not suggest anything that could have been included therein that would have created any reasonable probability that the sentence would have been less than the five years imposed.

      e.   <u>Error in the Presentence Investigation</u>
           <u>Report</u>

Petitioner refers to the erroneous statement in the Presentence Investigation Report that Petitioner had agreed to the applicable Sentencing Guidelines.  This was based upon the Probation Officer's incorrect assumption that a plea agreement had been entered into rather than rejected.

However, as stated at the beginning of the sentencing hearing:

> THE COURT: Very well. I received the presentence report. I understand that it was erroneous in referring to the existence of a plea agreement that had been agreed to by the parties. But nevertheless, the recommendation for the guidelines computation was offense level 18, a Criminal History Category V.
>
> Now, am I correct that that finding is not in dispute, Mr. Tuminelli?
>
> MR. TUMINELLI: That is correct, Your Honor.
>
> THE COURT: All right. Mr. Warwick?
>
> MR. WARWICK: I agree with those computations, Your Honor.

Sent. Tr. 2:11-22, Oct. 15, 2012, ECF No. 57.

Accordingly, the error had no effect on the Petitioner's sentence.

    f. <u>Advice re Appeal</u>

Petitioner states:

   Lastly, this Honorable Court
   emphatically advised the defense Counsel to
   ascertain whether the defendant wanted to
   file a direct appeal by recording a letter
   to the Defendant advising him of his
   appellate rights-- ["even if he say he
   doesn't want to appeal, send him a letter."]

   Despite the Court's instructions, and
   Defendants belief that he received an
   illegal [conviction,*] and sentence; the
   defense Counsel did not advise him on his
   right to a direct appeal.

Mot. ¶¶ 9-10.

  Petitioner's statement is not quite accurate.  As reflected

in the transcript, the Court stated:

   THE COURT: All right. Last thing I say
   is, as I must, I don't know that there's
   anything that could be appealed on, but I
   must say that if for any reason somebody
   wants the Court of Appeals to look at the
   case, a notice of appeal has to be filed
   within 10 days from the entry of judgment in
   this case, that's not going to be immediate.

   But Mr. Tuminelli, just monitor that,
   make sure that your client knows that notice
   of appeal has to be filed, if he wants it,
   and in the event he says file a notice of
   appeal, of course you have to file it, you
   have no choice. And you have to write him a
   letter saying I have filed a notice of
   appeal.

   I say that because there should be no
   future question whether, if you were asked,
   he doesn't get the letter, that's fine. He

just writes the Court and we'll file it for
you.

Sent. Tr. 53:23-54:, Oct. 15, 2012, ECF No. 57.

Petitioner was, therefore, advised by the Court that if he
wanted to file an appeal, for any reason, he just had to ask
counsel to file a Notice of Appeal.

In any event, Petitioner does not present any basis upon
which he could, much less reasonably probably would, prevail on
appeal.


D.   <u>Other Grounds</u>

Petitioner presents, as grounds for relief, various matters
that are irrelevant or patently baseless.  These include, as
best can be ascertained:

- References to matters pertinent to Petitioner's 1995
  sentence of 210 months imposed by Judge Young.

- References to matters pertinent to Petitioner's 2005
  and 2009 sentences of incarceration.

- References to matters pertinent to Petitioner's 2010
  sentence imposed by Judge Bennett resulting in his
  incarceration from which he escaped.

- Assertions he did not intend to injure Deputy Lutz.
  But his sentence was not based upon a finding that he
  intended injury to Deputy Lutz.

- Reference by counsel in the sentencing of Petitioner's
  being charged with kidnapping and murder.  That
  reference had no effect whatsoever on Petitioner's
  sentence.

- An alleged personal animus on the part of Government counsel as supposedly evidenced by a statement made in 2009 in a hearing before Judge Bennett.  The Court finds no basis for the allegation.

- Reference to some kind of agreement between the prosecutor and Petitioner's counsel that is not comprehensibly described as having an effect on petitioner's sentence.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

    1.   Petitioner's Motion for Relief (Pursuant to 28 USC (<u>sic</u>) 2255) [ECF No. 79] is DENIED.

    2.   Judgment shall be entered by separate Order.

SO ORDERED, this <u>Wednesday, May 18, 2016</u>.


_____/s/_____
Marvin J. Garbis
United States District Judge