IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-11-0570 |
| DONTA VAUGHN | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

The Defendant, Donta Vaughn ("Defendant" or "Vaughn"), is currently serving a two-year period of supervised release on his federal convictions for escape from custody, in violation of 18 U.S.C. § 751(a), and assault on a federal officer with a dangerous or deadly weapon, in violation of 18 U.S.C. § 111. (*See* Judgment, ECF No. 24.) Vaughn's supervised release began on January 17, 2020. (*See* Petition on Supervised Release, ECF No. 124 (SEALED).) On March 31, 2020, Vaughn was arrested and charged in Baltimore City for: "Assault 1st degree, Assault 2nd degree, Reckless Endangerment, Firearm Possession by a Felon, CDS Possession of Firearm, Firearm Use Felon-Violent Crime and Illegal Possession of Ammo." (*Id.*) On April 6, 2020, based on these state charges, this Court issued a warrant for Vaughn's arrest for alleged violations of his supervised release. (ECF No. 124.) Vaughn was released from state custody in early August on his personal recognizance while the state charges remain pending.

On August 12, 2020 United States Magistrate Judge Deborah L. Boardman held a detention hearing on Defendant's violation of supervised release. (ECF No. 132.) Judge Boardman issued an Order detaining the Defendant pending a violation of supervised release hearing, explaining:

> On March 31, 2020, [Vaughn] was arrested and charged with possession of a firearm, first and second degree assault and other charges. The alleged victim is his girlfriend … There is a presumption of detention because there is probable cause to believe Mr. Vaughn committed a crime while on supervision. Mr. Vaughn has five prior federal felony convictions … He has violated supervised release on two prior occasions. In 2015, he was charged with first degree murder and convicted by a jury. His conviction was reversed on appeal, and he was acquitted by a jury at retrial in January 2020. Two months after his release from state custody after the acquittal on the murder charge, he was arrested and charged with the pending state charges.

(Detention Order, ECF No. 133.)  Accordingly, Judge Boardman found, by clear and convincing evidence, that Vaughn poses a risk to the safety of other persons and the community, and that there is no condition or combination of conditions which will reasonably assure community safety. (*Id.*)

Vaughn has appealed that order pursuant to 18 U.S.C. §3145(b). (ECF No. 141.) He has also filed a series of correspondence expressing concerns over the COVID-19 Pandemic and his underlying medical conditions. (ECF Nos. 143, 144, 145.)

## STANDARD OF REVIEW

To determine whether detention is warranted pending a violation of supervised release hearing, the court must consider the following factors enumerated in the Bail Reform Act, 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . a controlled substance [or] firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." A Defendant on supervised release has the burden to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or the community if released. Fed. R. Cim. P. 32.1.

Pursuant to 18 U.S.C. § 3145(b), a defendant may appeal a magistrate judge's detention order to the District Court. The District Court must conduct its review *de novo*. *United States v. Stewart*, 19 F. App'x 46, 47 (4th Cir. 2001). The District Court need not conduct a hearing to adjudicate the appeal. *United States v. Martin*, --- F. Supp. 3d ---, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).

## ANALYSIS

A *de novo* review of the record indicates that Magistrate Judge Boardman's Detention Order was proper. Vaughn has failed to meet his burden to show, by clear and convincing evidence, that he will not pose a danger to any other person or the community. The 18 U.S.C. § 3142(g) factors clearly weigh in favor of detention, notwithstanding the potential spread of COVID-19 among prison populations.

### I. Nature and Circumstances of the Offense Charged.

The offenses of conviction and the alleged violations of supervised release counsel in favor of detention. Vaughn's term of supervised release stems from convictions for escape from custody, in violation of 18 U.S.C. § 751(a), and assault on a federal officer with a dangerous or deadly weapon, in violation of 18 U.S.C. § 111. (*See* Judgment, ECF No. 24.) The presently pending Violation of Supervised Release ("VOSR") Petition alleges four violations of supervised release. (ECF No. 124 (SEALED).) Three of these alleged violations (Violations 1, 2, and 3) arise from a pending state court criminal proceeding. (District Court of Maryland for Baltimore City Crim. Case No. 2B02418376.) In these proceedings, Vaughn is charged with, *inter alia*, first degree assault, second degree assault, reckless endangerment, and firearm possession by a felon. (*Id.*) The remaining alleged violation (Violations 4) charge

Vaughn with failing to pay a $200 special assessment and $250 in restitution. (ECF No. 124 (SEALED).) The serious nature of these charges and Vaughn's alleged failure to adhere to standard conditions of supervised release, weigh in favor detention.

## II. Weight of the Evidence.

As Judge Boardman found, there is probable cause to believe Vaughn committed a crime while on supervision, as he was arrested and charged with possession of a firearm, first- and second-degree assault and other charges. (ECF No. 124 (SEALED); ECF No. 133.) Upon his arrest on March 31, 2020, Vaughn was also in possession of cocaine. (ECF No. 124 (SEALED).)

## III. History and Characteristics.

In assessing the Defendant's "history and characteristics," this Court must consider, among other factors, his "character . . . past conduct . . . [and] criminal history." 18 U.S.C. § 3142(g)(3)(A). Vaughn's previous convictions for escape from custody, assault on a federal officer with a dangerous weapon, drug conspiracy, firearm possession, and possession of contraband in prison, as well as his past violations of supervised release, strongly suggest that he is a danger to the community. Vaughn has repeatedly demonstrated contempt for the law and exhibits a propensity to commit further offenses.

## IV. Nature and Seriousness of the Danger to the Community.

Vaughn's release would pose a serious danger to the community. Vaughn has previously pled guilty to escape from custody and assault on a federal officer with a dangerous or deadly weapon. He has previously failed to take seriously the conditions of supervised

release. He now stands accused of similar behavior—specifically, assault and possession of a firearm by a convicted felon. Vaughn has repeatedly demonstrated a predilection toward unlawful activity involving weapons and shows no signs of ceasing this activity. Accordingly, he poses a grave risk to the community.

## V.    Risks Associated with COVID-19.

As this Court has noted, the spread of COVID-19 among prisoner populations is relevant to the 18 U.S.C. § 3142(g) inquiry. *United States v. Davis*, ELH-20-0009, Memorandum Opinion, ECF No. 21 at *6 (D. Md. Mar. 30, 2020). Vaughn states that he has tested positive for COVID-19, and that, as of September 17, 2020, he was still experiencing symptoms. (ECF No. 141.) He further contends that the Chesapeake Detention Facility ("CDF"), where he is currently in custody, is facing an uptick in new positive cases of COVID-19. (*Id.*) The record does not suggest that COVID-19 prevention practices at CDF are so substandard as to warrant Vaughn's release. As of November 9, 2020, CDF was reporting 39 staff members and 15 inmates had tested positive for COVID-19, with 38 staff members having recovered, and all 15 inmates having recovered.[1] No staff or inmate deaths have been reported. The number of infections, coupled with social distancing policies and other precautions taken by CDF, suggests that COVID-19 has been managed effectively and does not pose a risk so grave that it warrants Vaughn's release.

Accordingly, it is HEREBY ORDERED this 13th day of November, 2020, that:

---

[1] *See* https://news.maryland.gov/dpscs/covid-19/.

1. Vaughn's Motion for Review of an Order of Detention by Magistrate Judge (ECF No. 141) is DENIED;

2. Magistrate Judge Deborah L. Boardman's Order of Detention (ECF No. 133) is AFFIRMED;

3. Counsel for Vaughn and the Government shall contact Chambers to schedule a VOSR Hearing; and

4. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

        _____/s/_____
        Richard D. Bennett
        United States District Judge