IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         *

v.             *     Criminal No. RDB-11-0570

DONTA VAUGHN         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

The Defendant, Donta Vaughn ("Defendant" or "Vaughn"), is currently serving a two-year period of supervised release on his federal convictions for escape from custody, in violation of 18 U.S.C. § 751(a), and assault on a federal officer with a dangerous or deadly weapon, in violation of 18 U.S.C. § 111. (*See* Judgment, ECF No. 24.) Vaughn's supervised release began on January 17, 2020. (*See* Petition on Supervised Release, ECF No. 124 (SEALED).) On March 31, 2020, Vaughn was arrested and charged in Baltimore City for: "Assault 1st degree, Assault 2nd degree, Reckless Endangerment, Firearm Possession by a Felon, CDS Possession of Firearm, Firearm Use Felon-Violent Crime and Illegal Possession of Ammo." (*Id.*) On April 6, 2020, based on these state charges, this Court issued a warrant for Vaughn's arrest for alleged violations of his supervised release. (ECF No. 124.) Vaughn was released from state custody in early August on his personal recognizance while the state charges remain pending.

On August 12, 2020 United States Magistrate Judge Deborah L. Boardman held a detention hearing on Defendant's violation of supervised release. (ECF No. 132.) Judge Boardman issued an Order detaining the Defendant pending a violation of supervised release hearing, explaining:

On March 31, 2020, [Vaughn] was arrested and charged with possession of a firearm, first and second degree assault and other charges. The alleged victim is his girlfriend … There is a presumption of detention because there is probable cause to believe Mr. Vaughn committed a crime while on supervision. Mr. Vaughn has five prior federal felony convictions … He has violated supervised release on two prior occasions. In 2015, he was charged with first degree murder and convicted by a jury. His conviction was reversed on appeal, and he was acquitted by a jury at retrial in January 2020. Two months after his release from state custody after the acquittal on the murder charge, he was arrested and charged with the pending state charges.

(Detention Order, ECF No. 133.) Accordingly, Judge Boardman found, by clear and convincing evidence, that Vaughn poses a risk to the safety of other persons and the community, and that there is no condition or combination of conditions which will reasonably assure community safety. (*Id.*)

On September 17, 2020, Vaughn appealed that order pursuant to 18 U.S.C. § 3145(b). (ECF No. 141.) He has also filed a series of correspondence expressing concerns over the COVID-19 Pandemic and his underlying medical conditions. (ECF Nos. 143, 144, 145.) On November 13, 2020, this Court denied Vaughn's appeal, holding that a *de novo* review of the record indicates that Magistrate Judge Boardman's Detention Order was proper. (ECF No. 146.) This Court found that Vaughn failed to meet his burden to show, by clear and convincing evidence, that he would not pose a danger to any other person or community and that the 18 U.S.C. § 3142(g) factors clearly weigh in favor of detention, notwithstanding the potential spread of COVID-19 among prison populations. (*Id.*)

Presently pending is Vaughn's Emergency Reconsideration of Detention Order (ECF No. 154) in which Vaughn again asks this Court to reconsider Magistrate Judge Boardman's Detention Order pursuant to § 3145(b). He asserts that since this Court's decision on November 13, 2020, there has been an unprecedented outbreak of COVID-19 at the

Chesapeake Detention Center where he is currently housed. (ECF No. 154 at 3.) According to his counsel, as of February 5, 2021, 136 inmates have tested positive, including Vaughn himself. (*Id.* at 3-4.)

This Court is mindful of the Defendant's concerns due to the outbreak at Chesapeake Detention Center, however, such circumstances do not alter this Court's conclusion that Vaughn cannot meet his burden to show, by clear and convincing evidence, that he would not pose a danger to any other person or community. For the same reasons provided in this Court's November 13, 2020 Memorandum Order (ECF No. 146), the 18 U.S.C. § 3142(g) factors clearly weigh in favor of detention. (*See* ECF No. 146.) Given the serious nature of the charges against him, as well as his repeatedly demonstrated contempt for the law and predilection toward unlawful activity involving weapons, Vaughn poses a grave risk to his community. (*Id.*)

Accordingly, it is HEREBY ORDERED this 10th day of February, 2021, that:

1. Vaughn's Emergency Motion for Review of an Order of Detention by Magistrate Judge (ECF No. 154) is DENIED;

2. Magistrate Judge Deborah L. Boardman's Order of Detention (ECF No. 133) is AFFIRMED;

3. Counsel for Vaughn and the Government shall contact Chambers to schedule a VOSR Hearing; and

4. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

_____/s/_____
Richard D. Bennett
United States District Judge